IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CYNDY SUSAN LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| M&T BANK CORPORATION, and | § | |
| CATAMOUNT PROPERTIES 2018, LLC, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant, Catamount Properties 2018, LLC ("**Catamount**"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1348, 1441, and 1446. In support of this Notice, Catamount states as follows:

## SUMMARY

1. Plaintiff, Cyndy Susan Lozano ("**Plaintiff**"), filed this action on or about November 1, 2019, in the 171st District Court, El Paso County, Texas, under Cause No. 2019DCV4248 in the matter styled *Cyndy Susan Lozano v. M&T Bank Corporation and Catamount Properties 2018, LLC* ("**State Court Action**").

2. Plaintiff has not served this suit on Catamount.

3. On information and belief, Plaintiff has not served this suit on co-Defendant, M&T Bank Corporation ("**M&T**").

4. Pursuant to 28 U.S.C. §§ 1441 and 1446, Catamount removes this case to the United States District Court for the Western District of Texas, El Paso Division, the Judicial District and Division in which this action is pending.

5.     The allegations in *Plaintiff's Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief* ("**Petition**") relate to the foreclosure of Plaintiff's mortgage loan secured by the property located at 12837 Tierra Lince Drive, El Paso, Texas 79938 ("**Property**"). Plaintiff attempts to bring causes of action for violations of the Texas Debt Collection Act and Texas Deceptive Trade Practices Act, vaguely asserted against "Defendants" yet based upon factual allegations of wrongdoing solely by M&T,[1] for declaratory judgment to declare that a vaguely-referenced "Defendant" wrongfully foreclosed and to set aside the foreclosure sale of the Property to third-party purchaser Catamount,[2] and for declaratory judgment that a vaguely-referenced "Defendant violated Plaintiff's rights under the TDCP; and/or, Defendant violated Plaintiffs [*sic*] rights under the Texas DTPA."[3] All of such claims are based on Plaintiff's allegations that she was verbally told by Defendant M&T not to reinstate the loan at the end of a forbearance plan, and then was admittedly later unable to reinstate the loan before it was foreclosed and the Property was sold to a bona fide third-party purchaser, Defendant Catamount.[4]

6.     Further, based on her vague allegation that she was "wrongfully depriv[ed] of title to his [*sic*] homestead," Plaintiff also seeks injunctive relief to collaterally attack execution of the writ of possession issued on October 30, 2019, Judgment for Possession of Property entered on October 16, 2019, by the County Court at Law No. 3, El Paso, Texas, in Cause No. 2019-CCV01464, in the forcible entry and detainer (eviction) action styled *Catamount Properties 2018, LLC v. Cyndy S. Lozano and All Other Occupants*, which judgment was not appealed.[5]

---

[1] *See* Exhibit C-1, Petition, at ¶¶ 10-18, 22-24.
[2] *See* Exhibit C-1, Petition, at ¶ 25.
[3] *See* Exhibit C-1, Petition, at ¶ 25.
[4] *See* Exhibit C-1, Petition, at ¶¶ 10-18.
[5] *See* Exhibit C-1, Petition, at ¶¶ 19-21.

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because Plaintiff has not perfected service of this suit on Catamount or, on information and belief, on co-Defendant M&T.[6] Moreover, this Notice of Removal is timely as it is being filed within 30 days after the Petition was first filed.

8. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by true and correct copies of the following:

> **Exhibit A:** An index of documents being filed
> **Exhibit B:** A copy of the State Court Docket Sheet
> **Exhibit C:** Copies of all pleadings from the State Court Action, including:
>> **Exhibit C-1:** Plaintiff's Original Petition, filed November 1, 2019
>> **Exhibit C-2:** Civil Case Information Sheet, filed November 1, 2019
>> **Exhibit C-3:** Temporary Restraining Order, entered November 1, 2019
>> **Exhibit C-4:** Original Answer of Defendant filed November 8, 2019
>
> **Exhibit D:** Certificate of Interested Persons and Rule 7.1 Disclosures
> **Exhibit E:** Declaration of Michael R. Steinmark
>> **Exhibit E-1:** Data Sheet from the El Paso Central Appraisal District website on November 6, 2019.
>> **Exhibit E-2:** Substitute Trustee's Deed referenced in but not attached to Plaintiff's Petition.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

9. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), because there is complete diversity of the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorneys' fees.

**A. There is complete diversity of the parties.**

10. Plaintiff is a citizen of Texas.[7]

---

[6] *See* 28 U.S.C. § 1446(b)(1).
[7] *See* Exhibit C-1, Petition, ¶ 2 ("Plaintiff…is an individual and a resident of the State of Texas and El Paso County").

11. On information and belief, Defendant M&T is a corporation formed under the laws of the State of New York with its principal place of business in New York. A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.[8] Thus, on information and belief, Defendant M&T is a citizen of New York for diversity purposes. Further, Catamount did not need to obtain Defendant M&T's consent to removal because there is no indication, as of the date of filing this Notice of Removal, that Defendant M&T has been properly served.[9] A removing defendant need not obtain consent of co-defendants who have not yet been served with process.[10]

12. Defendant Catamount Properties 2018, LLC, is a Delaware limited liability company whose citizenship is determined by the citizenship of its members.[11] The sole member of Catamount Properties 2018, LLC, is Neighborhood Stabilization Holdings II, LLC, a Delaware limited liability company. The sole member of Neighborhood Stabilization Holdings II, LLC, is by Neighborhood Stabilization, LLC, which is a California limited liability company. The sole member of Neighborhood Stabilization, LLC, is Wedgewood, LLC, a Delaware limited liability company. Wedgewood, LLC, has 18 members, all of whom are individuals and who have the following domiciles: Nevada (1 member); Massachusetts (1 member); London, England (1 member); and California (the remaining 15 members). Thus, for diversity purposes, Defendant Catamount Properties 2018, LLC, is a citizen of Nevada; Massachusetts; London, England; and California.

13. Plaintiff and all Defendants are thus completely diverse.

**B.   The amount in controversy exceeds $75,000.00.**

---

[8] 28 U.S.C. § 1332(c).
[9] *See* Exhibit B; Exhibit C.
[10] *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004 (5th Cir. 1992); *see also Sanderson v. Hyder*, 2007 WL 4403527, at *3 (N.D. Tex. Dec. 17, 2007).
[11] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

14. The amount in controversy exceeds the sum or value of $75,000.00.[12]

15. Usually, the sum demanded in good faith in a plaintiff's petition establishes the amount in controversy.[13] Where the plaintiff does not demand a specific sum in its petition, the notice of removal may assert the amount in controversy, provided it is supported by a preponderance of the evidence.[14] This requirement is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000.[15]

16. In actions to determine title to real property, it is well-established that the amount in controversy is measured by the value of the object of the litigation.[16] The object of this litigation is title to the Property, and thus the measure of the amount in controversy is the value of the Property.[17]

17. In determining how to value the subject property, the amount in controversy requirement may be satisfied if the amount of Plaintiff's indebtedness on the loan or the fair market value of the subject property exceeds $75,000.[18]

18. Here, both standards are met.

19. First, the amount of Plaintiff's indebtedness on the loan exceeds $75,000 as shown on the face of Plaintiff's Petition.[19]

20. Second, the value of the Property exceeds $75,000 as shown by the El Paso Central Appraisal District's 2019 appraised value of $192,306.00, and as shown by the $149,000

---

[12] *See* <u>Exhibit C-1, Petition</u>, at ¶¶ 19-21, 25, & Prayer.
[13] 28 U.S.C. § 1446(c)(2).
[14] *Garcia v. Koch Oil Cov. Of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).
[15] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[16] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[17] *See* <u>Exhibit C-1, Petition</u>, ¶¶ 34-38; *see Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx 844, 848 (5th Cir. 2009) ("When the validity of . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy").
[18] *See Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1048 (5th Cir. 2010).
[19] *See* <u>Exhibit C-1, Petition</u>, at ¶¶ 19-21, 25, & Prayer.

foreclosure purchase price paid by Catamount as shown on the face of the Substitute Trustee's Deed referenced in but not attached to Plaintiff's Petition.[20]

21.     Thus, while Defendant categorically denies that Plaintiff is entitled to an award of damages in any amount whatsoever, or to an award of any declaratory relief, there can be no question, pursuant to the precedent cited above, that Plaintiff placed at issue an amount in controversy well in excess of the $75,000 minimum requirement.

## VENUE

22.     Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a) because this district and division embrace the 171st District Court of El Paso County, Texas, the forum in which the removed action was pending.

## NOTICE

23.     Concurrently with filing this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 171st District Court of El Paso County, Texas.

---

[20] *See* Exhibits E-1, E-2.

Respectfully Submitted,

*/s/ Michael R. Steinmark*
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*

Michael R. Steinmark
Texas Bar I.D. 24051384
*msteinmark@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANT
CATAMOUNT PROPERTIES 2018, LLC

**Certificate of Service**

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on November 8, 2019, by the manner indicated upon the following persons:

<u>Via ECF</u>

Omar Maynez
Maynez Law, P.C.
Chase Bank Building
1533 N. Lee Trevino Dr., Ste 203
El Paso, Texas 79936
mail@maynezlaw.com
*Attorney for Plaintiff*

*/s/ Michael R. Steinmark*
Michael R. Steinmark

DMS-#932052-v1-Notice_of_Removal_(fed_ct)_(Lozano).doc